UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAH,<br><br>      Plaintiff,<br><br> v.<br><br>DAVID RYNN, *et al.*<br><br>      Defendants. | CASE NO. C01-1943-BJR<br><br>**REPORT AND RECOMMENDATION** |

This matter was initiated in 2001 when plaintiff filed a § 1983 complaint against his public defender, David Ryann. Dkt. 3. On February 11, 2002, the assigned District Judge dismissed the complaint with prejudice. Dkt. 7. On February 26, 2002, plaintiff filed a motion for relief from judgment under Fed. R. Civ. P. 60, Dkt. 9, which the Court denied. Dkt. 10. On July 19 and July 22, 2019, plaintiff filed a proposed supplemental complaint and a petition for writ of habeas corpus under this case number. Dkts. 13, 14. The proposed complaint alleges the 2002 order and judgment dismissing plaintiff's case is "void" because there were "issued without all facts or records present, Allah© NFN prays for immediate release with compensation." Dkt. 12 at 1. The proposed habeas petition alleges the King County Superior Court lacked jurisdiction to convict and sentence plaintiff in King County Case numbers 99-1-06987-7-SEA, 01-1-0807-3-SEA, 01-1-09176-6-SEA and 02-1-02047-6-SEA because among other things, those convictions

REPORT AND RECOMMENDATION - 1

are in the name of "Coston, Edwin, Randal" and violate the "Emancipation Proclamation." Dkt. 13 at 1, 7.

The proposed complaint and petition for writ of habeas corpus were referred to the undersigned on August 19, 2019. Dkt. 17. The Court recommends the proposed complaint and habeas petition be DISMISSED with prejudice.

BACKGROUND

Plaintiff is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. The Court should dismiss plaintiff's proposed complaint and habeas petition because they suffer from numerous deficiencies which no amendment can cure.

First, the proposed complaint is brought under Fed. R. Civ. P. 60, and challenges the judgment the Court entered in 2002 in this case. This Court has already entertained and rejected the Rule 60 motion to vacate the judgment plaintiff filed in 2002. Plaintiff is not entitled to repetitively file the same motion, nor may he file such a motion in violation of Rule 60's requirement that the motion be filed "no later than a year after entry of the judgment or order." Fed. R. Civ. P. 60 (c)(1).

Second, plaintiff seeks immediate release, an action not cognizable under 42 U.S.C. § 1983. When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

REPORT AND RECOMMENDATION - 2

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff makes no such allegations here.

Third, both the proposed complaint and habeas petition are duplicative of other actions plaintiff has previously brought and which have been previously dismissed. *See Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.")

Plaintiff is a frequent litigant in this Court. Since 2001, the Court's records indicate that he has filed 24 actions as a petitioner (habeas) and 18 actions as a plaintiff (civil rights). Among the cases previously filed by plaintiff are at least two federal habeas actions in which plaintiff challenged the judgments entered in King County Superior Court in Case No. 01-1-10807-3 and 02-1-02047-6. *See Allah v. Brunson*, C05-1480-MJP (addressing 01-1-10807-3 and 01-1-09176-6) and *Allah v. Frakes*, C12-484-TSZ (addressing 01-1-10807-3, 01-1-09176-6, and 02-1-02047-6). The first petition was denied and the case dismissed with prejudice in March 2009. *See* C05-1480-MJP, Dkt. 62.

Plaintiff has repeatedly attempted to challenge various state court judgments, including the 2002 King County Superior Court judgment at issue in this action. *See Allah v. Washington State Supreme Court*, C17-458-RSM; *Allah v. Holbrook*, C16-535-RSL; *Allah v. Robinson*, C14-1234-TSZ. Petitioner's challenges to his 2002 judgment have previously been rejected because of his failure to clearly identify the federal constitutional grounds upon which he was seeking relief from the judgment, and his failure to show that the claims pertaining to his 2002 judgment had been properly exhausted in the state courts. *See id*.

1    Another habeas petition was deemed a successive petition and was dismissed in
2 September 2012. *See* C12-484-TSZ, Dkts. 22 and 23. Plaintiff's challenge to the judgment in
3 Case No. 02-1-02047-6 was dismissed because he had not clearly identified the federal
4 constitutional grounds upon which he sought relief from that judgment and he had not
5 demonstrated that any constitutional claims pertaining to that judgment had been properly
6 exhausted in the state courts. *See id*. When plaintiff sought to challenge the judgment in Case
7 No. 02-1-02047-6 a second time, the Court again found that he had failed to provide evidence
8 that his claims had been properly exhausted. His petition was denied and the case was dismissed.
9 *See* C14-1234-TSZ, Dkts. 13 and 18. Plaintiff submitted a petition for writ of habeas corpus
10 asserting that he is being unlawfully restrained pursuant to "bogus" judgments entered in two
11 King County Superior Court criminal cases (Nos. 01-1-10807-3 and 02-1-02047-6), and a
12 Franklin County Superior Court criminal case (No. 12-1-50324-8).

13    In case number 16-535-RSL, plaintiff submitted a pleading that he identified as a petition
14 for writ of mandamus, but which the Court construed as a petition for writ of habeas corpus
15 because petitioner indicated therein that he was challenging his imprisonment based on a 2002
16 judgment of the King County Superior Court (Case No. 02-1-02047-6). *See* Dkts. 1, 5, 6, 7, 9,
17 11, 13. Plaintiff contended, as he does here, his current confinement is unlawful because the
18 courts, the Washington Department of Corrections, and all relevant records do not adequately
19 refer to his name "Allah©," refer to him by inapplicable personal or possessive pronouns such as
20 "he" and "his," and erroneously refer to a name with which he no longer identifies of "Edward
21 R. Coston." *See* C16-535-RSL, Dkt. 11, at 1–8. He sought immediate release from confinement
22 and damages for false restraint. *Id.* at 13–14.
23

REPORT AND RECOMMENDATION - 4

Plaintiff has also filed prior complaints alleging a violation of his civil rights based upon a variety of claims including the King County Clerk breached a contract, state actors kidnapped his children, and that the criminal acts against him were taken in the name of Edwin Coston instead of Allah. *See e.g. Allah v. Paul Sherfey, et al.,* C17-1746-RSM.

Fifth, the proposed habeas petition is barred by the statute of limitations. Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). Here, plaintiff is seeking relief from the judgment and sentence imposed some 17 years ago. The proposed petition was filed well beyond the one year limitations period set forth in 28 U.S.C. § 2244(d) and should accordingly be dismissed.

And sixth, the proposed habeas petition should be dismissed as second or successive. Based on the Court's records, and as noted above, plaintiff's proposed habeas petition is a second or successive petition. If a petition is second or successive, then petitioner must seek authorization from the Court of Appeals before filing the new petition with the district court. 28 U.S.C. § 2244 (b) (3) (A). Ninth Circuit Rule 22-3 (a) provides guidance:

> Any petitioner seeking leave to file a second or successive 2254 petition or 2255 motion in district court must seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five copies of the application must be filed with the Clerk of the Court of Appeals. No filing fee is required. If a second or successive petition or motion, or application for leave to file such a petition or motion, is mistakenly

REPORT AND RECOMMENDATION - 5

submitted to the district court, the district court shall refer it to the court of appeals.

Here, there is nothing indication petitioner has sought or obtained permission from the Court of Appeals.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds that no reasonable jurist would disagree with the Court's determination that petitioner's habeas petition is time-barred. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## CONCLUSION

The proposed complaint and habeas petition duplicate the many civil rights complaints and habeas petitions plaintiff has filed. Consistent with the actions plaintiff has previously filed, these actions again challenge plaintiff's various criminal convictions arguing that the defendant who was sentenced in those matters is a Mr. Coston, and plaintiff is Allah, and should accordingly be released. Plaintiff's previous complaints and habeas petitions have been dismissed. The present actions should also be dismissed with prejudice because they are brought

REPORT AND RECOMMENDATION - 6

outside the strictures of Rule 60, are duplicative, untimely, second or successive, or do not state a claim upon which relief may be granted.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order because it is not a final dispositive order. Therefore, plaintiff is directed that he should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

If plaintiff wishes to filed objections to this report and recommendation, he must do so no later than **September 4, 2019.**  The Clerk should note the matter as ready for the District Judge's consideration on **September 6, 2019**. Objections shall not exceed 12 pages.  The failure to timely object may affect the right to appeal.

DATED this 21st day of August, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge