UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLAH, *also known as* Edwin Randal Coston,<br><br>*Plaintiff*,<br><br>v.<br><br>DAVID RYNN,<br><br>*Defendant*. | Case No. 2:01-cv-01943-BJR<br><br>ORDER TO SHOW CAUSE WHY A BAR ORDER SHOULD NOT ISSUE |

This matter comes before the Court *sua sponte*. Over the last twenty years, Plaintiff Allah, also known as Edwin Randal Coston, has brought 43 lawsuits in the Western District of Washington, including the present action. Since filing his first action in 2000, Allah has not prevailed on any of his claims. Various courts within this jurisdiction have dismissed fifteen of his complaints for failing to comply with the district court's procedures, including failing to pay the required filing fees, filing suit outside of the permitted statute of limitations period, and failing to satisfy jurisdictional requirements. The courts have also dismissed six of these actions as duplicative[1]. The remaining cases have been dismissed for failure to state a claim upon which relief can be granted, failure to allege sufficient facts to substantiate a claim, or failure to cite to

---

[1] In several cases dismissed on other grounds, the courts have noted that Allah is a frequent litigant known to file frivolous lawsuits within this jurisdiction.

ORDER TO SHOW CAUSE - 1

any legal authority. Having reviewed these actions, the Court will order Allah to show cause within 21 days why the Court should not enter a vexatious litigant and standing bar order against him as described below. The reasoning for the Court's decision follows, beginning with a representative sample of Allah's previously dismissed lawsuits.

Allah has filed several frivolous petitions for writ of habeas corpus in this district under 28 U.S.C. §§ 2254 and 2255, including the following:

Case No. 07-cv-760-TSZ: Allah sought to challenge his 2002 King County Superior Court convictions. Dkt. No. 1. In his largely incomprehensible petition, Allah claimed, among other things, that: (1) he was kidnapped "by what purported to be a Search Warrant . . . dismissed for no probable cause", *id.* at 9, ¶ 1; (2) he "was twice put in jeopardy [by] the City of Seattle Police . . . [when he] was held in the King County Jail under administrative segregation under the false name Edwin R. Coston" without probable cause, *id.* ¶ 2; and (3) the King County Superior Court "lacked jurisdiction, abused the process, and has [*sic*] illegally imprisoned [him] without due process," *id.* ¶ 4. After reviewing his petition, the Court found that Allah failed to demonstrate that "any of his claims [were] eligible for federal habeas review" and therefore "decline[d] to serve the petition or to direct that an answer be filed." Dkt. No. 7 at 2. Allah was granted leave to amend his original petition to correct the noted deficiencies, which he failed to complete within the 30-day extension granted to him by the Court. *Id.* The Court dismissed the case, concluding Allah failed to demonstrate any eligible claims for federal habeas review. Dkt. Nos. 8 at 2; 9-10.

Case No. 12-cv-549-RSM: Allah alleged he was falsely imprisoned based on invalid judgments that list the name "Edwin Randal Coston" rather than his name, "Allah". Dkt. No. 1 at 3. In his petition, he sought the following: (1) immediate release from custody; (2) monetary

ORDER TO SHOW CAUSE - 2

relief in the amount of $10,000; (3) a bus ticket to the State of New York; and (4) an injunction against the City of Seattle Police Department to stop detaining and harassing him and his family. *Id*. at 4. The Report and Recommendation ("R&R") noted that Allah is a "frequent litigator" in this jurisdiction who has "a virtually identical habeas petition" pending in the district court and recommended dismissal "without further expenditure of judicial resources." Dkt. No. 7 at 2. The Court denied Allah's application and dismissed his action as duplicative. Dkt. Nos. 9, 10.

Case No. 15-cv-1579-MJP: Allah claimed false imprisonment at Washington State Penitentiary, malicious prosecution in various federal and state courts, and illegal restraint based on jurisdictional grounds. Dkt. No. 1 at 1. As an initial matter, Allah failed to comply with the statutory requirements for filing a habeas petition by failing to submit both the required filing fee and the application to proceed *in forma pauperis*. Dkt. No. 3. He also failed to correct the noted deficiencies, even after receiving a letter from the Clerk noting the errors and explaining how to fix them, providing him the correct *in forma pauperis* application form to complete, and providing him additional time to make the changes. *Id.* In response, Allah created his own rules for filing a habeas petition by stating that he has already paid the filing fee with a "Certified Promissory Note" attached to his initial filing and refused to file an *in forma pauperis* application. Dkt. No. 4 at 2-3. After refusing to comply, Allah then objected to the R&R's recommendation for dismissal claiming he did not fill out the form because he was transferred to a different section of the correctional facility in which he was housed and was not allowed to take his legal materials with him. Dkt. No. 9. The Court found his arguments "unavailing" and noted that the documents submitted by Allah failed to show that he lost or experienced difficulty complying with the filing fee requirements of 28 U.S.C. §§ 1914 and 1915. Dkt. No. 10 at 1-2. The case was dismissed without prejudice. Dkt. No. 10. Allah filed an appeal with the Ninth

ORDER TO SHOW CAUSE - 3

Circuit claiming the district court lacked jurisdiction. Dkt. No. 12. After the Ninth Circuit issued a limited remand, the district court denied Allah's certificate of appealability finding that no jurist could disagree that Allah failed to follow the requisite procedural requirements or made a substantial showing of a constitutional violation. Dkt. No. 15.

Allah has also filed several frivolous motions seeking post-judgment relief in this jurisdiction. For example, in Case No. 18-cv-1303-MJP, Allah brought several meritless motions after the Court denied both his Motion to Proceed *In Forma Pauperis* and his Motion for Immediate Release citing the three-strikes rule and his failure to pay the requisite filing fee. Dkt. Nos. 4, 9. After the case was dismissed, Allah filed a Motion to Vacate Void Judgement and a Supplemental Motion to Vacate Void Judgment. Dkt. No. 9. The Court found Allah's present claims to be nearly identical to those submitted in his original petition, including his allegations regarding his illegal detention and invalid conviction, which were dismissed. Dkt. No. 14 at 2. The Court ordered that any and all future filings made by Allah in this case be stricken without action or consideration. Dkt. No. 14 at 2. Both motions were denied. *Id*.

Allah has also brought several frivolous civil rights actions under 42 U.S.C. § 1983, including the following:

Case No. 08-cv-1352-JCC: Allah brought suit against the State of Washington Department of Corrections and 42 additional defendants. Dkt. Nos. 9, 11. The Court described Allah's claims in his Amended Complaint as "not entirely clear." Dkt. No. 15, ¶ 2. Allah sought, among other things, (1) "monetary damages in the amount of $25,000.00 per 23 minutes of Unlawful Imprisonment" for a total of $50,636,000,000.00 for eight years; (2) compensatory damages in the amount of $100,000 against each defendant; and (3) punitive damages in the amount of $100,000 against each defendant. Dkt. No. 8 at 8. After the Court dismissed Allah's

ORDER TO SHOW CAUSE - 4

action without prejudice, Dkt. No. 17, Allah brought two additional motions seeking relief from judgment restating his original, unsubstantiated claims that he is being unlawfully held under a false name. Dkt. Nos. 25, 27. The Court found that both of Allah's motions cite no new grounds or evidence for relief. Dkt. Nos. 26, 28. After the Court denied his first motion, Allah filed the second motion restating the same allegation. Dkt. No. 27. The Court found that Allah "is placing a burden on the Court by filing repeated meritless motions in this closed case and should not be permitted to continue these actions at public expense" and thus "direct[ed] the Clerk not to file further pleadings in this closed matter without permission from the Court." Dkt. No. 28 at 2. The motions were denied. Dkt. Nos. 26, 28.

Case No. 19-cv-218-TSZ: Allah again alleged he is unlawfully imprisoned and serving time for crimes committed by a different individual, Edwin R. Coston. Dkt. No. 1 at 3. The Court dismissed Allah's Complaint as "duplicative" and "untimely", Dkt. No. 4, noting he has four strikes under 28 U.S.C. § 1915(g). *Id.*

Case No. 19-cv-2094-JCC: Allah brought the following five claims for relief against 12 government employees, including the Superintendent of Washington State Penitentiary: (1) Impersonating a Judicial Judge; (2) Conspiracy, Kidnapping, Slavery; (3) Identity Theft, Theft of Appeal Bond; (4) False/Illegal Imprisonment; and (5) Quiet Title Action. Dkt. No. 1. The R&R described his claims as "based on a common theme, long advanced by [Allah] in this [c]ourt, that his current confinement is unlawful because he is Allah©, not Edwin Randal Coston who was convicted and sentenced in multiple state court criminal actions." Dkt. No. 7 at 1. Allah objected to the R&R, Dkt. No. 8, which recommended the case be dismissed for his failure to pay the filing fee. The Court adopted the R&R and dismissed the case without prejudice finding that Allah is a "frequent flier who has accumulated enough 'strikes' over the years to bar

ORDER TO SHOW CAUSE - 5

him from proceeding in the Western District of Washington, absent special circumstances". Dkt. No. 12 at 1.

Case No. 19-cv-1065-BJR: Allah alleged: (1) King County Superior Court Clerk Paul Sherfey engaged in "identity theft" by unlawfully hiding Allah's criminal judgments under the "bogus" name of Edwin Randal Coston; (2) Secretary of the Washington Department of Corrections ("DOC") Stephen Sinclair "used identity theft" to change the name listed on these criminal judgments to Allah in the DOC's database resulting in his false imprisonment; and 3) he is illegally confined in the Intensive Management Unit by Superintendent of Washington State Penitentiary Donald Holbrook. Dkt. No. 1 at 5-7. The Court dismissed the case without prejudice, Dkt. No. 7, finding that Allah has not stated "a cognizable ground for relief in his complaint against any of the named defendants", Dkt. No. 5 at 5. The Court also noted that this action constitutes Allah's forty-third case filed within this jurisdiction since 2000. *Id.* at 2.

The above cases demonstrate Allah's continuous filing of frivolous lawsuits and his failure to respond to court orders. All of Allah's claims have ended in dismissal for failing to state a claim, filing duplicative and frivolous lawsuits, or failing to comply with court procedure. Allah's ability to continue filing frivolous actions within this jurisdiction is causing a burden on the Court. For cases that were dismissed based on improper court procedure, Allah was given ample time to amend his pleadings, pay the filing fees, or otherwise show why the case should otherwise not be dismissed; in each of those cases, Allah failed to respond within the provided timeframe, if at all.

Federal district courts have the power to regulate "abusive litigants" and impose pre-filing orders against vexatious litigants. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (1990). The All Writs Act, 28 U.S.C. § 1651(a) provides federal courts the inherent power to issue pre-

ORDER TO SHOW CAUSE - 6

filing orders. *Molski v. Evergreen Dynast Corp.*, 500 F.3d 1047, 1057 (2007); *De Long* 912 F.2d at 1147. The Ninth Circuit established a four-part test to determine if a person qualifies as a vexatious litigant. *De Long*, 912 F.2d at 1147. First, an individual must have notice of the order and an opportunity to oppose it. *Id.* at 1147. Second, the Court must create an adequate record for review which demonstrates the abuse of the judicial system by the litigant. *Id.* Third, the Court must make a substantive finding of the litigant's frivolous actions. *Id.* Fourth, the order must be narrowly tailored to address the vice at hand. *Id.* at 1148.

The Court now ORDERS Allah to SHOW CAUSE why a vexatious litigant bar order should not be issued in the Western District of Washington. The order will include the following provisions: 1) that any and all of Allah's future *pro se* complaints brought in the Western District of Washington be filed under a miscellaneous case number designed for this purpose pending the court's review of each complaint; 2) that the Clerk of the Court will not issue summons in any of Allah's *pro se* actions without first receiving the court's approval; 3) that the court may dismiss any of Allah's future *pro se* complaints without an order to show cause if it finds the complaint suffers from the same or similar defects as iterated in this order.

Allah's Response is due no later than **21 days** from the date of this order. Failure to file this Response will result in the issuance of the above bar order.

DATED this 19th day of November, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 7